**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **GATHEL SMITH,** § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | NO. 3:14-cv-3328-M-BF | |
| § | | |
| **SELECT PORTFOLIO,** § | | |
| § | | |
| **Defendant.** § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this removed civil action to the United States Magistrate Judge for pretrial management pursuant to 28 U.S.C. § 636(b) and a standing order of reference. After reviewing the Notice of Removal and the state court papers, the Court *sua sponte* questioned whether removal is proper and granted Defendant Select Portfolio Servicing, Inc. an opportunity to establish the facts necessary to demonstrate federal jurisdiction. Defendant filed evidence and a supplemental brief in support of its jurisdictional claims. For the following reasons, the Court recommends that the District Court REMAND this case to the Texas state court from which it was removed.

**Background**

Plaintiff Gathel Smith, proceeding *pro se*, filed this action in the 68th Judicial District Court of Dallas County, Texas seeking injunctive relief to prevent the foreclosure of her home (the "Property"). On September 15, 2014, Defendant timely removed the case to federal court on grounds of diversity jurisdiction. *See* Rem. Not. at 1, ¶ 2. Defendant averred in its removal notice that jurisdiction is proper on diversity grounds because Plaintiff is a Texas citizen, Defendant is a Utah

citizen, and a broker price opinion ("BPO") performed in relation to the proposed foreclosure sale valued the Property at $84,000. *Id.* at 3, ¶¶ 10-11; 5, ¶ 16. However, Defendant failed to allege any specific facts to support its assertion regarding the value of the Property. Nor did it include a copy of the BPO with the removal notice. The Court took judicial notice that the Dallas County Tax Appraisal District ("DCAD") listed the current market value of the Property as only $69,330 and questioned whether the amount in controversy requirement had been satisfied for purposes of diversity jurisdiction. *See* Order, 9/17/14 (Doc. 4) at 2, n.1. On October 1, 2014, Defendant responded to the Court's concerns by filing evidence and a supplemental brief in support of removal. Def. Supp. Br. (Doc. 5). The Court now determines that subject matter jurisdiction is lacking because Defendant has not established that the amount in controversy exceeds the jurisdictional threshold.

**Legal Standards and Analysis**

The Court has an independent duty to examine the basis of its own subject matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). A federal court's jurisdiction is limited; it may exercise original jurisdiction only when the case "arises under" federal law or is based upon complete diversity of citizenship among the parties and more than $75,000 is in controversy. *See* 28 U.S.C. §§ 1331, 1332; *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). A defendant may remove a case from state court to federal district court if the federal court could exercise original jurisdiction over the matter. 28 U.S.C. § 1441. The removing party bears the burden of establishing federal jurisdiction. *Shearer v. Sw. Serv. Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir. 2008). The removal statute must be strictly construed in favor of remand, and all doubts

and ambiguities must be resolved against federal jurisdiction. *See Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. 28 U.S.C. §§ 1332(a), (b). If no amount of damages has been alleged in the state court petition, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional minimum. *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1409 (5th Cir. 1995). The amount in controversy in an action seeking injunctive relief to preclude foreclosure is the value of the subject property. *Farkas v. GMAC Mortg., L.L.C.*, 737 F.3d 338, 341 (5th Cir. 2013). The jurisdictional facts that support removal must be judged at the time of removal. *Allen v. R & H Oil & Gas Co.,* 63 F.3d 1326, 1335 (5th Cir. 1995).

Defendant's Notice of Removal filed on September 15, 2014 conclusorily alleged that "[a]ccording to the most recent [BPO] performed in relation to the proposed foreclosure sale, the Property is valued at $84,000.00." Rem. Not. at 5, ¶ 16. In support of its jurisdictional allegations, Defendant now submits the BPO and affidavits authenticating the opinion. *See* Def. Supp. Br., Ex. A, A-1, B, & B-1. This evidence reveals that the BPO was prepared almost one month prior to the removal date by Shalene Morrison of Residential RealEstate Review, Inc. Def. Supp. Br., Ex. A-1. In Ms. Morrison's opinion, the "as-is" fair market value of the Property on August 21, 2014 was between $80,000 and $84,000. *Id.* at 1. The Court took judicial notice on September 17, 2014 that DCAD certified the market value of the Property for 2104 to be only $69,330. Order, 9/17/14 (Doc. 4) at 2, n.1 (citing *Hearn v. Deutsche Bank Nat'l Trust Co.*, No. 3:13-CV-2417-B, 2013 WL 6079460, at *4 (N.D. Tex. Nov. 18, 2013) (collecting cases holding appraisal valuations as

competent evidence to establish the amount in controversy)). Defendant also candidly acknowledges that another BPO for the Property prepared on September 24, 2014 – just nine days after removal – determined that the "as is" value of the Property was between $64,000 and $65,000. *Id.* at 2, n.1.

On this record, the Court finds that Defendant has not met its burden to show, by a preponderance of the evidence, that the value of the Property exceeds $75,000. The DCAD appraisal and the BPO prepared closest in time to the removal date both indicate that the Property is worth several thousand dollars less than the amount required to establish jurisdiction. Even if the Court disregards the post-removal BPO, the evidence is still equivocal as to whether the Property is worth more than $75,000. Because all doubts must be resolved against federal jurisdiction, *see Acuna*, 200 F.3d at 339, the Court determines that the amount in controversy requirement is not satisfied for purposes of diversity jurisdiction. This case must be remanded to the state court from which it was removed.

## RECOMMENDATION

The District Court should remand this *pro se* civil action to the 68th Judicial District Court of Dallas County, Texas, for lack of subject matter jurisdiction.

**SO RECOMMENDED**, October 3, 2014.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).